<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

NELSON ORTIZ,

                Plaintiff,

                v.

CUMBERLAND COUNTY FREEHOLDERS, et al.,

                Defendants.

Civil Action No. 21-17896 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.    BACKGROUND**

    At the time he filed his complaint,[1] Plaintiff was a state pre-trial detainee confined in the Cumberland County Jail. (ECF No. 1 at 2-3.) While confined in the jail in May 2021, Plaintiff,

---

[1] Plaintiff has since been moved to the Salem County Jail. (*See* ECF Nos. 4-5.)

who was going through treatment for withdrawal symptoms following drug use, began to experience painful swelling in his legs. (*Id.* at 5.) Plaintiff repeatedly complained about this issue, and was taken to a hospital in June 2021, where he was given ibuprofen and water pills to aid his body in expelling excess fluids. (*Id*. at 5-6.) These treatments apparently did not alleviate the issue, and he continued to complain as he began to experience testicular pain. (*Id.*) Jail medical staff continued to prescribe treatments Plaintiff felt were unhelpful, and his pain persisted. (*Id*.) Plaintiff contends that this amounts to medical malpractice as unnamed staff members were discourteous and did not properly alleviate his symptoms. (*Id.*) He therefore seeks to sue two Defendants – the Cumberland County Board of Freeholders, the municipal body which operates the jail, and CFG, the corporation that provides medical services to the jail – both of whom he contends have been "negligent" in hiring and overseeing their staff. (*Id.* at 4). Plaintiff does not name any individual medical staff members as Defendants. (*Id.*).

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In this matter, Plaintiff seeks to hold the Cumberland County Freeholders and CFG based on inadequate medical care he allegedly received from staff at the Cumberland County Jail pursuant to 42 U.S.C. § 1983. Where a pretrial detainee seeks to raise a civil rights claim for inadequate medical care, he can state a plausible claim for relief only where he pleads facts indicating that the named defendants were deliberately indifferent to his medical needs. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). To successfully plead

3

such a claim, a plaintiff must plead facts showing that he had a serious medical need and that the defendants committed acts or omissions which are indicative of deliberate indifference to that need. *Id.* Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted). Mere negligence is insufficient to support a civil rights claim premised on inadequate medical care. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Here, Plaintiff does not plead that the two named Defendants or their staff were deliberately indifferent, only that they were medically negligent or committed malpractice. While such allegations may support a medical malpractice claim in state court,[2] they are insufficient to support a claim for relief under § 1983. *Id.* Plaintiff has thus failed to plead a plausible claim for relief and his complaint must be dismissed as such.

Even had Plaintiff pled more than mere negligence, his current complaint would still fail to plead a plausible claim for relief against the only two named Defendants in this matter – the municipal county freeholders and their medical contractor as he has not pled that either had direct involvement in the alleged wrong, but seeks to hold them accountable only through the actions of their subordinates. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As a supervisor or employer may not be held vicariously liable for the actions of his subordinates. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). A municipality or corporation acting on behalf of a municipality may only be held

---

[2] As this Court does not construe Plaintiff to be raising a state law medical malpractice claim at this time, this Court need not and does not comment on the merits of any potential state law claim. Plaintiff may, if he so chooses, file a complaint in state court raising such claims. To the extent Plaintiff intended to raise such a state law claim in his current complaint, this Court declines to extend supplemental jurisdiction over any such claim as this Court shall dismiss all federal claims over which it has original jurisdiction in this matter. *See* 28 U.S.C. § 1367(c)(3).

responsible under § 1983 for the actions of their subordinates where the municipality or corporation put into place a policy, custom, or practice which caused the constitutional violation alleged. *Natale*, 318 F.3d at 583-84. A formally enacted policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation to hold the municipality or corporate contractor liable. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). As Plaintiff has pled no such policy, practice or custom – and has merely pled that he wishes to hold the Defendants liable for the alleged negligence of their employees – Plaintiff has failed to plead that either named Defendant was directly involved in the alleged wrongs. His claims against them must therefore be dismissed without prejudice for that reason as well.

### IV.  CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
───────────────────────
Hon. Karen M. Williams,
United States District Judge