**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NELSON ORTIZ,

               Plaintiff,

               v.

CUMBERLAND COUNTY FREEHOLDERS,
et al.,

               Defendants.

Civil Action No. 21-17896 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint. (ECF No. 8.) Because Plaintiff was granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice.

## I.    BACKGROUND

    Plaintiff's amended complaint seeks to raise claims related to medical treatment he received while held in pre-trial criminal confinement in the Cumberland and Salem County jails. In May 2021, Plaintiff was placed in the Cumberland County jail. (ECF No. 8 at 6.) Because he was going through narcotics withdrawal, he was prescribed suboxone. (*Id.*) Because of this drug, he began to experience painful swelling in his leg, which he brought to the attention of medical staff, who determined the swelling was the result of water retention resulting from the suboxone.

(*Id.* at 6-7.)  Plaintiff was treated, including by way of a brief hospital stay in June 2021, and provided pain medication and water pills to help him pass the excess water.  (*Id.*)  Plaintiff continued to complain, but was told the swelling would likely continue until he finished his suboxone treatment.  (*Id.* at 7.)  Staff did raise the dosage on his water pill medication to help alleviate the swelling, but did not provide additional medication.  (*Id.*)  Plaintiff ultimately chose to cease taking the suboxone, which resulted in the swelling going down, although Plaintiff still has severe pain in his leg, testicles and groin area.  (*Id.*)  Plaintiff believes he may have some additional, unaddressed issue which may be the cause of this pain, though he alleges nothing but his own guess to support this assertion.

## II.   **LEGAL STANDARD**

Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

In this matter, Plaintiff seeks to raise claims against jail medical staff pursuant to 42 U.S.C. § 1983 in which he asserts that he was inadequately treated.  Where a pretrial detainee seeks to raise a civil rights claim for inadequate medical care, he can state a plausible claim for relief only where he pleads facts indicating that the named defendants were deliberately indifferent to his medical needs. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003).  To successfully plead such a claim, a plaintiff must plead facts showing that he had a serious medical need and that the defendants committed acts or omissions which are indicative of deliberate indifference to that need.  *Id.*  Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be fond only where the defendant "knows of and

disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted).

Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Where a prisoner has received treatment, he may generally therefore not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received. *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

Here, Plaintiff alleges that once he developed swelling, he was treated for the condition – both in the jails and in the hospital, and was prescribed both water pills to remove some of the swelling and pain medication. Medical staff also determined the swelling to be caused by his withdrawal medication, and informed him the condition would continue until he was off of the saboxone, which he admits proved true – the swelling began to reduce once he ceased that medication. Although Plaintiff states that he continues to experience pain and believes there may be some other condition showing itself as the swelling begins to reduce, he has provided no allegations other than his own fears or opinions to support his contention. As Petitioner has received treatment for his diagnosed medical issues, and has nothing other than his own untrained opinion to support his contention of further medical problems, Plaintiff's complaint presents no more than his mere disagreement with the course of treatment he received, which is not sufficient to state a plausible claim for relief. *White*, 897 F.2d at 110. Plaintiff has therefore failed to state a claim for which relief may be granted, and his complaint must be dismissed without prejudice as a result.

4

IV.    **CONCLUSION**

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 8) shall be

**DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.


Hon. Karen M. Williams,
United States District Judge